UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-00064-SMM

FILED BY ___MB___ D.C.
Jul 9, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

IN RE SEALED COMPLAINT
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   **No**

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   **No**

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   **No**

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   **No**

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By: _____
**CARMEN M. LINEBERGER**
Managing Assistant United States Attorney
Court ID No.: A5501180
101 S. US Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel: (772) 466-0899
Carmen.Lineberger@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ___MB___ D.C.
Jul 9, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTP

| | |
|---|---|
| United States of America<br>v.<br><br>LINGHAN CHEN and<br>CAO YUAN LIU,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  25-MJ-00064-SMM<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   December 17, 2024   in the county of   Martin   in the
  Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1029(a)(3) | Possession of 15 or More Counterfeit or Unauthorized Access Devices |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

*Complainant's signature*

Igor Demidoff, Special Agent, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone-Facetime.

Date:  July 9, 2025

*Judge's signature*

City and state:   Fort Pierce, Florida         Shaniek Mills Maynard, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Igor Demidoff, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations ("HSI"), currently assigned to Fort Pierce, Florida, where I have been employed as an HSI Special Agent since 2023. I am a criminal investigator and law enforcement agent of the United States within the meaning of 18 U.S.C. § 2510 (7), who is empowered by federal law to conduct investigations and make arrests for offenses enumerated in Title 18 of the United States Code. I am also cross designated to conduct investigations and make arrests for offenses enumerated in Title 21 of the United States Code.

2. Prior to joining HSI, I worked for three (3) years at the United States Customs and Border Protection ("CBP") Office of Field Operations in Tampa, Florida. During my time with CBP, I held the positions of Officer and certified emergency medical technician. As part of my duties, I was integral to investigations related to violations of federal laws, including but not limited to illegal importation and exportation, contraband smuggling/trafficking, and illicit cross-border activity.

3. I have completed the Criminal Investigator Training Program, the Immigration and Customs Enforcement HSI Special Agent Training Program, and the United States Customs Service Inspector Basic Training Course at the Federal Law Enforcement Training Center, and the Military Police Officer Basic Leader Course at Fort Leonard Wood, Missouri.

4. During my time with HSI, I participated in various investigations within the agency portfolio. My duties included conducting physical and electronic surveillance, executing search and arrest warrants, handling evidence, and apprehending suspects.

5. I regularly collaborate with various federal, state, and local law enforcement agencies, in a cooperative relationship to further the investigations of criminal violations of federal and local laws.

6. I have nearly nine years of military service in the U.S. Army and the U.S. Army Reserve, serving initially as a Non-Commissioned Officer (N.C.O.) then as a commissioned officer (C.O.). Currently, I serve in the U.S. Army Reserve as a Military Intelligence Officer.

7. Because this Affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included every fact known to me as it relates to this matter. As set forth below, I respectfully submit there is probable cause to believe **Linghan CHEN** and **Caoyuan LIU**, knowingly and with intent to defraud, possessed fifteen or more devices, which are counterfeit or unauthorized access devices, that is, the tampered gift cards, all in violation of 18 U.S.C. § 1029(a)(3). The information contained in this Affidavit is based upon my personal observations and information provided to me by other law enforcement officers.

## FACTS ESTABLISHING PROBABLE CAUSE

8. Gift card tampering is emerging as a new dimension of organized retail crime across the United States. Gift card tampering, in general, is the process of compromising a gift card package to steal sensitive information, then placing the package back into commerce at a retailer to be sold to unknowing consumers. After an unwary consumer loads a tampered gift card with money at the point of sale, the funds from the card are stolen.

9. Individuals and organizations who engage in gift card tampering often target brands that can be redeemed for goods, or items that can be liquidated on digital marketplaces. Large retailers, such as Publix, are primary targets due to the high levels of consumer traffic and quick inventory turnover.

2

10. Individuals and organizations who engage in gift card tampering generally employ a five-step process:

a. First, steal the gift cards. Individuals steal gift cards in large numbers from stores, generally targeting retailers and brands with fewer protective measures in place, such as tamper-resistant packaging.

b. Second, compromise the gift cards. The individual who stole the gift cards may electronically transfer them to a different location to have the gift cards compromised by, among other techniques, ensuring that those engaging in gift card tampering have access to the pertinent sensitive gift card information, altering the pertinent gift card information, and the like. This can occur by, for example, revealing, altering, or defacing the PIN code, or by replacing, altering, or defacing the barcode. This step is aimed to ensure that the individuals and organizations engaged in gift card tampering ultimately have access to funds loaded onto the card by an unknowing consumer.

c. Third, place the tampered gift cards back in stores. After the gift cards are compromised, an individual goes into a retailer and places the tampered cards, which are attempted to be made to appear normal, back onto the store's shelves for purchase by unknowing consumers.

d. Fourth, determine when a tampered gift card is activated by a consumer. Confirmation of activation may be accomplished through, for example, (1) the placement of cards in high-traffic retailers to increase the likelihood of activation within a short period of time; (2) conducting balance inquiries with the merchant; (3) conducting customer service inquiries; (4) attempting to conduct purchases with the card information; and (5) attempting to load a tampered card into a mobile wallet or merchant application.

 e. Fifth, monetize the gift cards. Once individuals and organizations engaged in gift card tampering have confirmed that a tampered gift card is activated, they monetize the card by, among other ways, remotely draining the card of value via the information they have stored about the card or using the card to purchase other merchandise.

11. **CHEN** and **LIU** were persons engaged in such a general gift card tampering scheme.

12. On December 16, 2024, law enforcement was dispatched to Publix at 1395 SW Martin Hwy, Palm City, Martin County, Florida, about a fraud report. The report indicated that, on December 16, 2024, at 7:18 p.m., **CHEN** and **LIU** entered the store and swapped out gift cards from the gift card aisle. Publix removed the gift cards **CHEN** and **LIU** placed there and observed that the PINs and ID numbers had been cut out/scratched off. It appeared that the cards were removed and placed back, so that when a card was activated, funds could be accessed.



4

13. Publix identified seven $100 Amazon gift cards, seven $50 Amazon gift cards, two $20 Macy's gift cards, a $100 Macy's gift card, a $50 Macy's gift card, two $50 Home Depot gift cards, two $100 Home Depot gift cards, a $15 Home Depot gift card and a $10 Target gift card. The total value of the cards was $1,565.00. Law enforcement viewed video surveillance from Publix and identified the vehicle that **CHEN** and **LIU** used as a black Bentley SUV with New York license plate "LHP6662". Be On the Look Out (BOLO) for **CHEN** and **LIU**, including Bentley SUV, was immediately transmitted.

14. On December 17, 2025, law enforcement located the vehicle in the parking lot of "Riverwatch Apartments," located at 2560 NW Dixie Highway, Jensen Beach, Martin County, Florida. Law enforcement confirmed with the property manager that **CHEN** and **LIU** were staying in apartment 209. Both were subsequently located and taken into custody.

15. On December 17, 2025, law enforcement executed a residential search warrant at 2560 NW Dixie Highway, Apartment 209, Jensen Beach, Martin County, Florida. Numerous gift cards were discovered in various locations around the residence. Numerous gift cards were located that were ripped and partially flushed down a toilet. The residual pieces found in the toilet, were consistent with the gift cards found in the apartment. It appeared the toilet was clogged from the material being flushed. Several ripped-up gift cards were also in the garbage can, near the apartment's kitchen.

16. On December 23, 2024, law enforcement executed a search warrant for the Bentley SUV, bearing New York license plate "LHP6662," where additional gift cards were located, including a Publix reusable grocery bag on the passenger floorboard, which contained multiple gift cards.

17. On April 29, 2025, Publix advised that, approximately 42 Publix stores across Florida, were affected by **CHEN** and **LUI** fraudulent activity. The report included pictures showing **CHEN** and **LIU,** inside the stores near or around gift cards isle, each a separate incident within Publix's internal security.

## CONCLUSION

18. Based on the foregoing facts, I respectfully submit there is probable cause to believe **CHEN** and **LUI** knowingly and with intent to defraud, possessed fifteen or more devices which are counterfeit or unauthorized access devices, that is, the tampered gift cards, in violation of 18 U.S.C. § 1029(a)(3).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

IGOR DEMIDOFF
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this ___9th___ day of July 2025.

SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE

6