UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14043-CR-CANNON

UNITED STATES OF AMERICA

vs.

CAO YUAN LIU,
               Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and CAO YUAN LIU (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to count one of the indictment, which charges the Defendant with Conspiracy to Possess Fifteen or More Counterfeit or Unauthorized Access Devices, in violation of Title 18, United States Code §§ 1029(a)(3) and (b)(2).

The elements of the count are:

Count One: Conspiracy To Possess Fifteen or More Counterfeit or Unauthorized Access Devices, 18 U.S.C. §§ 1029(a)(3) and (b)(2).

| | | |
|---|---|---|
| **First:** | | Two or more people in some way agreed to try to accomplish a shared and unlawful plan; |
| **Second:** | | The Defendant knew the unlawful purpose of the plan and willfully joined in it; |
| **Third:** | | The plan was to possess fifteen or more counterfeit or unauthorized access devices, with the intent to defraud; and |
| **Fourth:** | | The Defendant's conduct affected interstate or foreign commerce.[1] |

2. This office agrees to seek dismissal of count two of the indictment, as to this

---

[1] Adapted from O11.1 11th Circuit Pattern Jury Instruction (2025)

Defendant, after sentencing.

3.   The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.   The Defendant also understands and acknowledges that, as to count one of the indictment, the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release of up to three years. The Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the Defendant to serve in prison, upon any such revocation, all or

part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release. In addition to a term of imprisonment and supervised release, the Court will impose a fine of no less than $250,000 or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater and will order forfeiture and restitution if applicable.

5. Pursuant to 18 U.S.C. §§ 3663(a)(3), and 2259, the Defendant agrees to make full restitution to all victims of his offenses as to all counts charged, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his victims for the entire scope of his criminal conduct, including all relevant conduct.

6. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on the Defendant. *See* 18 U.S.C. § 3013. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea

based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code § 982(a)(2)(B); and (b) any personal property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code § 1029(c)(1)(C).

11. The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offenses of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. H. The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture

5

proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

13. ~~12.~~ If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

*[handwritten margin: 9-23-25, initials, E.D.R.]*

a. The United States will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant.

c. The Defendant waives any right to claim that statements made pursuant to this agreement before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution of federal law.

9-23-25
C YL
E.D.R

14. 13. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail,

9-23-25 even if the consequence is the Defendant's automatic removal from the United States.

CYL 15. 14. This is the entire agreement and understanding between this Office and the
E.D.R.
en Defendant. At this time, there is nothing to forfeit. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 9/23/25    By: _____
CARMEN M. LINEBERGER
ASSISTANT UNITED STATES ATTORNEY

Date: 9-23-2025    By: _____
EDWARD REAGAN
ATTORNEY FOR DEFENDANT

Date: 9-23-2025    By: _____
CAO YUAN LIU
DEFENDANT

I _____ hereby certify that this document has been translated to the defendant from **English** to _Chinese_.